IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | 8:07CR271 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| JOSE BARAHONA-CASTELLANOS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's objection, Filing No. 30, to the report and recommendation ("R&R") of the magistrate judge, Filing No. 28, wherein the magistrate judge denied defendant's motion to suppress, Filing No. 14. The defendant is charged with five counts of using Social Security cards which were either forged, counterfeited or procured by means of false claim and with being an unlawful alien who illegally entered the United States. Filing No. 1. The magistrate judge recommended that the defendant's motion to suppress be denied. Pursuant to 28 U.S.C. § 636, the court has conducted a *de novo* determination of those portions of the R&R to which the defendant objects. *United States v. Lothridge*, 324 F.3d 599, 600-01 (8th Cir. 2003). The court has reviewed the objections, relevant law, and the entire record including the transcript of the motion to dismiss hearing. Filing No. 29. The court accepts the facts set out in the R&R, and they need not be repeated herein, except to the extent necessary to this court's findings. The court determines it will adopt the report and recommendation of the magistrate judge.

Officers received a 911 call from Jessica Knapp stating that her boyfriend was outside her apartment drinking, banging on her front door, and that he would not leave.

Sergeant Tom Dargy and Officer Scott Miller of the Bellevue Police Department arrived on the scene. The officers found the defendant highly intoxicated, sitting in Ms. Knapp's car. The officers asked defendant for Nebraska identification. He indicated he had no identification on him, but he had identification in Ms. Knapp's apartment. Defendant reported that his name was Jorge Rodriquez, but during the conversation with the officers he changed his date of his birth and his reasons for being at the apartment. The officers ran his name through the dispatcher, and the name did not coincide with anyone in Nebraska.

Sergeant Dargy then went to the apartment to talk with Ms. Knapp. The evidence is in dispute as to whether Sergeant Dargy walked into the apartment or whether Ms. Knapp invited him into the apartment. Ms. Knapp lived in the apartment and the lease was in her name. Sergeant Dargy testified that he asked Ms. Knapp the name of her boyfriend. She responded that he went by several different names, and she did not know for sure, even though they had been together for several years and had a child. Sergeant Dargy then testified that while in the apartment he saw a black bag hanging on the wall which appeared to have several identification cards in it. The cards, approximately four feet from Sergeant Dargy, were in clear plastic inserts in the bag and were visible from where he was standing. The pictures on the cards looked like the defendant.

Sergeant Dargy took the identification cards to Officer Miller and the defendant. The defendant claimed he used these fake identifications to get into bars and to purchase alcohol when he was under age. The defendant then changed his story and said that the identification cards belonged to his brother. Sergeant Dargy ran the names through dispatch and found the defendant had outstanding arrest warrants, had six Nebraska

2

aliases, and had fifteen California aliases. The officers then went to arrest the defendant. Defendant became confrontational, backup was called, and defendant was also arrested for assaulting a police officer and resisting arrest.

The magistrate judge concluded that the motion to suppress should be denied. The defendant objects to the findings of the magistrate judge. The defendant argues that (1) the officers' version of the facts lacks credibility, and the government failed to prove its plain view theory; (2) Ms. Knapp produced a pouch at trial that did not match the pouch testified to as part of the plain view argument of Officer Dargy; and (3) the magistrate judge failed to justify the officer's entry into the apartment in the first place, as the defendant was a co-inhabitant of the apartment.

The magistrate judge first determined that the defendant has standing to assert his rights. *Minnesota v Olson*, 495 U.S. 91 (1990). This court agrees. The defendant states that he resided in that apartment, and there is no evidence to the contrary. Next, the magistrate judge determined that the crux of the issue revolves around whether Sergeant Dargy saw this identification in plain view. There is no dispute that Ms. Knapp called 911 for assistance. There is no dispute that when Sergeant Dargy knocked on her door she opened it and was still talking to 911. Sergeant Dargy testified that he told Ms. Knapp to hang up with 911 and he would take over. Ms. Knapp was not even sure of her boyfriend's real name. Sergeant Dargy then asked Ms. Knapp if there was identification in the house for the defendant. She indicated probably, but everything was boxed up as she was moving. Sergeant Dargy testified that from where he was standing, four feet away, he could see a mesh bag in plain view wherein he could see the IDs and the picture that

looked like the defendant.[1] The magistrate judge found this testimony credible. On the day of trial, Ms. Knapp showed up with a mesh bag that did not fit the description of the bag given by Sergeant Dargy. Exs. 101 and 102. The magistrate judge again found the testimony of Sergeant Dargy more credible than that of Ms. Knapp.

This court agrees with the findings of the magistrate judge as set forth herein and in the magistrate judge's recommendation. Filing No. 29, Tr. of Suppression Hearing at 57-62. The officer, responding to a call from Ms. Knapp, saw these identification cards in plain view, and thus he had a lawful right to access those cards. *United States v. Beatty*, 170 F.3d 811, 814 (8th Cir. 1999).[2] Accordingly, the report and recommendation of the magistrate judge is adopted in its entirety.

THEREFORE, IT IS ORDERED:

1. The report and recommendation of the magistrate judge, Filing No. 28, is adopted in its entirety.

2. The objections of the defendant, Filing No. 30, are overruled.

3. The motion to suppress, Filing No. 14, is denied.

DATED this 15th day of February, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[1] Although the officers confiscated the identifications, they did not take the mesh bag on the night of the arrest.

[2] As to the question of *Miranda* warnings, the magistrate judge concluded the record was insufficient to make a *Miranda* ruling. Filing No. 29, Tr. of Suppression Hearing at 60-61. The defendant has not filed an objection to that portion of the ruling.